| | |
|---|---|
| John E. Keefe, Jr. (N.J. Bar No. 034081990) | Jeffrey M. Ostrow (FL Bar No. 121452) |
| Stephen T. Sullivan, Jr. (N.J. Bar No. 023411997) | Avi R. Kaufman (FL Bar No. 84382) |
| KEEFE BARTELS, LLC | Scott A. Edelsberg (FL Bar No. 100537) |
| 170 MONMOUTH STREET | KOPELOWITZ OSTROW |
| RED BANK, NEW JERSEY 07701 | FERGUSON WEISELBERG GILBERT |
| Telephone: 732-224-9400 | One West Las Olas Boulevard, Suite 500 |
| jkeefe@keefebartels.com | Fort Lauderdale, Florida 33301 |
| ssullivan@keefebartels.com | Telephone: 954-525-4100 |
| | ostrow@kolawyers.com |
| | kaufman@kolawyers.com |
| | edelsberg@kolawyers.com |

*Attorneys for Plaintiff Bronwyn Nahas and all others similarly situated*

# UNITED STATES DISTRICT COURT
# NEW JERSEY

| | |
|---|---|
| BRONWYN NAHAS, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HATWORLD, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>CASE NO. _____ |

Plaintiff, Bronwyn Nahas ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following based upon personal knowledge as to allegations regarding herself and on information and belief as to other allegations:

## INTRODUCTION

1.  Plaintiff brings this action on her own behalf and on behalf of the class defined below, comprised of all individuals similarly situated within the state of New Jersey, to redress the unlawful commercial practices employed by Defendant, Hatworld, Inc., ("Defendant") in connection with consumer purchases from Defendant's websites, www.lids.com and www.hatworld.com.

2.  Specifically, through its "Terms & Conditions," Defendant imposes on New Jersey consumers involuntary, illegal, and unenforceable limitations of consumer rights and remedies in violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), *N.J.S.A.* 56:12-14, *et seq.* A copy of Defendant's Terms & Conditions is attached hereto as *Exhibit A*.

## PARTIES

3.  Plaintiff is an individual, and a resident and citizen of Paramus, New Jersey, and is a member of the class alleged herein.

4.  On or about February 13, 2016, Plaintiff, through Defendant's website, www.lids.com, purchased a New Era "NFL Black White Bucket" hat for personal use. Plaintiff made her purchase subject to Defendant's Terms & Conditions. Accordingly, Plaintiff is a "consumer" as defined by the TCCWNA. *See N.J.S.A.* 56:12-15.

5.  Defendant is a corporation with its principal place of business located in Zionsville, Indiana, and is an Indiana citizen. Further, Defendant is a "seller" as defined by the TCCWNA. *See N.J.S.A.* 56:12-15.

6. At all relevant times, Defendant willfully marketed, sold, and delivered consumer products to New Jersey citizens subject to the terms of its Terms & Conditions.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) all members of the proposed Class are New Jersey citizens and Defendant is an Indiana citizen; and (b) there are more than 100 Class Members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. This Court has jurisdiction over the Defendant because Defendant is engaged in substantial and not isolated activity in New Jersey.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT

10. The TCCWNA protects New Jersey consumers from sellers that attempt to impose involuntary, illegal, and unenforceable limitations of consumer rights and remedies in connection with consumer purchases:

> No seller ... shall in the course of his business offer ... or enter into any written consumer contract ... which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller ... as established by [New Jersey] or Federal law ....

*N.J.S.A.* 56:12-15.

11. As its sponsors explained, the TCCWNA was designed to prevent sellers from attempting to deceive New Jersey consumers into believing that they are not entitled to enforce their statutory and common law rights or pursue corresponding remedies:

> Far too many consumer contracts … contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract … deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights.

*See* Sponsors' Statement to Assembly Bill No. 1660 (TCCWNA), 1981 N.J. Laws, Chapter 454 (May 1, 1980).

12. Importantly, in order to protect New Jersey consumers' rights arising from other New Jersey statutes, federal statutes, and common law, pursuant to the TCCWNA, sellers' attempts to impose on New Jersey consumers limitations of the TCCWNA are "null and void." *N.J.S.A.* 56:12-16. Thus, under no circumstances can sellers contract to preclude New Jersey consumers from enforcing the TCCWNA.

## NEW JERSEY CONSUMERS' OTHER PROTECTED RIGHTS AND REMEDIES

13. New Jersey law provides a myriad of unwaivable protections and corresponding remedies for consumers that, in turn, are protected by the TCCWNA. *See N.J.S.A.* 56:12-15. For instance, New Jersey law precludes sellers from contractually limiting consumers' rights to pursue consequential damages: "Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable …." *N.J.S.A.* 12A:2-719(3); *see also Martinez-Santiago v. Public Storage,* 38 F. Supp. 3d 500, 512-513 (D.N.J. 2014) ("[t]he exculpatory provision purports to hold [defendant] harmless

for most losses incurred by consumers …. [T]his is the kind of provision th[e] TCCWNA was designed to address.").

14. Sellers also cannot seek to insulate themselves from damages for intentional or wanton acts. *Kuzmiak v. Brookchester, Inc.*, 111 A.2d 425 (N.J. App. Div. 1955) ("an attempted exemption from liability for future intentional tort or willful act or gross negligence is generally declared to be void"); *see also* Sponsors' Statement to Assembly Bill No. 1660 (TCCWNA), 1981 N.J. Laws, Chapter 454 (May 1, 1980) ("Examples of such provisions [violating the TCCWNA] are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence. These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability.").

15. Similarly, New Jersey's Consumer Fraud Protection Act and the TCCWNA require awarding attorneys' fees and costs to consumers that prevail on claims under those statutes. *N.J.S.A.* 56:8-19, 56:12-17. Consumer contract terms effectively "preventing the recovery of attorney's fees and costs, when mandated by statute, are unconscionable." *Johnson v. Wynn's Extended Care*, No. 15-1343, 2015 U.S. App. LEXIS 21682, at *5 (3d Cir. Dec. 15, 2015) (reversing dismissal of TCCWNA claim based on consumer contract precluding recovery of attorneys' fees in violation of the Consumer Fraud Protection Act and the TCCWNA).

16. Finally, sellers seeking to subject New Jersey consumers to other states' laws, to the extent permitted – *i.e.*, a seller's unilaterally imposed choice of law cannot overcome

the TCCWNA's non-waiver provision, *see N.J.S.A.* 56:12-16 – must clearly and conspicuously disclose the applicability of the other state's law. *Discover Bank v. Shea*, 827 A.2d 358, 363 (N.J. Law Div. 2001) ("It is surely a minimal imposition, if any, on the freedom of contract to construe the Code so as to require that choice of law provisions be 'conspicuous' as that concept is defined in N.J.S.A. 12A:1-201(10)"); *see also Posey v. NJR Clean Energy Ventures Corp.*, No. 14-6833, 2015 U.S. Dist. LEXIS 146688, at *51-52 (D.N.J. Oct. 29, 2015) ("Defendant … disclosed this information in … a manner that was not clear and conspicuous …. Thus, the court will not dismiss Plaintiff's claims under the TCCWNA on this motion for summary judgment.").

## DEFENDANT'S TERMS & CONDITIONS REPEATEDLY VIOLATES THE TCCWNA

17.    Defendant markets, sells, and delivers a variety of consumer products to New Jersey consumers through its websites, www.lids.com and www.hatworld.com. The "Terms & Conditions" are a binding agreement between Defendant and all consumers, including Plaintiff, who purchase products from Defendant:

**Terms & Conditions**

PLEASE READ THESE TERMS AND CONDITIONS CAREFULLY AS THEY CONTAIN IMPORTANT INFORMATION REGARDING YOUR USE OF THIS WEB SITE AND YOUR LEGAL RIGHTS, REMEDIES AND OBLIGATIONS. BY ACCESSING OR USING THIS WEBSITE, YOU SIGNIFY THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THESE TERMS AND CONDITIONS.

Condition of Use (attached *Exhibit A*), p. 1.

18.    However, a number of Defendant's purportedly binding Terms & Conditions violate New Jersey consumers' clearly established legal rights of and sellers' responsibilities, and therefore violate the TCCWNA. For instance, the Terms & Conditions Exclusion of Liability Associated with Use of the Sites provision illegally attempts to limit New Jersey consumers' entitlement to consequential damages for personal injuries and attorneys' fees

6

and costs for statutory claims; it also attempts to limit sellers' liability for intentional and wanton acts:

**Exclusion of Liability Associated with Use of the Sites**

Your use of the Sites is at your sole risk, and you assume full responsibility for any costs associated with your use of the Sites. Hat World will not be liable for any damages of any kind related to your use of the Sites. You agree that your sole remedy in the event of any problem with your use is to cease using the Sites. In no event will Hat World or any of its directors, employees, agents and representatives and their respective successors and assigns be liable for any loss or damages whatsoever arising out or related to access to or use of the Sites or any other website linked to the Sites or the Content, regardless of whether such loss or damages are based on warranty, contract, tort (including negligence), strict liability, products liability or other theories of liability, and whether or not Hat World has been advised of the possibility of such damages, including without limitation liability for direct, indirect, special, punitive, incidental or consequential damages.

Without limiting the previous paragraph, you acknowledge and agree that: (a) Hat World is not responsible for late, lost, incomplete, illegible, misdirected or stolen messages or mail, unavailable network connections, failed, incomplete, garbled or delayed computer transmissions, online failures, hardware, software or other technical malfunctions or disturbances or any other communications failures or circumstances affecting, disrupting or corrupting communications; and (b) Hat World assumes no responsibility, and will not be liable, for any damages to, or any viruses affecting your computer equipment or other property on account of your access to or use of the Sites or your downloading of any materials, data, text, images, video or audio from the Sites.

Terms & Conditions, p. 3.

19. Similarly, the Terms & Conditions Warranty Coverage and Liability Associated with Product Purchases provision illegally attempts to limit New Jersey consumers' entitlement to consequential damages for personal injuries and attempts to limit sellers' liability for intentional and wanton acts:

**(c) Warranty Coverage and Liability Associated with Product Purchases**

Hat World is not liable or responsible for the character, quality, performance, quantity, size, color, merchantable quality, or fitness for a particular purpose of any product acquired by you or on your behalf from Hat World. The warranty coverage for a product, if any, will be limited to the coverage offered by Hat World or the manufacturer of the product. You acknowledge that some warranty programs are valid only in the jurisdiction where Hat World resides and that it is your sole responsibility to determine if the warranty program for any product you purchase will be honored where you reside. You acknowledge and agree that Hat World will not in any case be liable for any amounts which exceed the value of the particular item being purchased or for any indirect, consequential, special, incidental or punitive damages whether or not Hat World has been advised of the possibility of such damages.

Terms & Conditions, p. 4.

20. The Terms & Conditions Indemnification clause is even more egregious in its attempt to chill consumer claims – purportedly requiring any New Jersey consumer asserting a claim against Defendant to completely indemnify Defendant, including for any attorneys'

fees and costs Defendant incurs and any damages award the consumer obtains (*i.e.*, first-party indemnification) – and similarly constitutes multiple TCCWNA violations:

**Indemnification**
You agree to defend, indemnify and hold Hat World, its parent corporations, subsidiaries, affiliates, officers, directors, agents and employees harmless from and against any and all allegations, claims, damages, costs and expenses, including attorneys' fees and disbursements, arising from or related to your use of the Sites and/or your breach of any representation, warranty, or other provision of the Agreement.

Terms & Conditions, p. 3.

21.     Finally, Defendant's Terms & Conditions choice of law provision purportedly imposes Indiana law on New Jersey consumers' claims. Terms & Conditions, p. 1. Because the choice of law provision is not clear and conspicuous, and to the extent Defendant intends for it to override New Jersey consumers' inviolable right to assert TCCWNA claims, it violates the TCCWNA.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of herself and the members of the proposed class. The proposed class shall be defined as follows:

> All consumers in the State of New Jersey that purchased a product from Defendant via www.lids.com and/or www.hatworld.com and were subject to the "Terms & Conditions" during the applicable statute of limitations through the date of final judgment in this action.

23.     Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges, including their staff, assigned to hear any aspect of this litigation, as well as their immediate family members.

24. Plaintiff reserves the right to expand, narrow or add additional classes by amendment as investigation and discovery continues.

25. The members of the Class are so numerous that joinder is impractical. On information and belief, the Class consists of thousands of members, the precise number of which is within the knowledge of and can be ascertained only by resort to Defendant's records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant's Terms & Conditions violates the TCCWNA;

    b. Whether the Class is entitled to a class-wide injunction barring Defendant from asserting or attempting to enforce the aforesaid illegal provisions in its Terms & Conditions;

    c. Whether the Terms & Conditions Exclusion of Liability Associated with Use of the Sites provision constitutes one or multiple TCCWNA violations;

    d. Whether the Terms & Conditions Indemnification clause constitutes one or multiple TCCWNA violations;

    e. Whether Plaintiff and the Class are entitled to a civil penalty of not less than $100 for each TCCWNA violation in Defendants' Terms & Conditions.

27. Plaintiff is a member of the class she seeks to represent, and her claim is typical of the claims of the other members of the Class inasmuch as all such claims arise out of Defendant's form Terms & Conditions. Plaintiff's claims arise from the same factual and

legal basis as those of the Class. Plaintiff has no interest antagonistic to, or in conflict with the Class. Plaintiff will thoroughly and adequately protect the interest of the Class, having retained qualified and competent legal counsel to represent them and the Class. Accordingly, Plaintiff is an adequate representative of, and will fairly and adequately protect the interests of the Class.

28. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendant; or (2) adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

29. Class certification is further appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

30. Class certification is further appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy inasmuch as common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis and inasmuch as no unusual difficulties are likely to be encountered in the management of this class action in that all

questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

31. This lawsuit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.

32. The damages suffered by each individual Class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendant's conduct and practices. Additionally, effective redress for each and every Class member against Defendant may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes. Even if individual Class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendant. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, because: (i) common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there will be efficiencies to the courts and the parties in litigating the common issues on a class basis rather than on an individual basis; (ii) class treatment is desired for optimal deterrence and compensation; (iii) the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated on a cost-efficient basis as a class action, especially when compared to repetitive individual actions; (iv) no unusual difficulties are likely to be encountered in the management of this

class action as the proofs as to liability are common to all Class members; and (vi this action would be effectively impossible to bring as individual actions leaving Plaintiff and others similarly situated with no viable remedy.

33. This litigation presents statutory violations, claims of the types that have often been prosecuted on a class-wide basis.

## COUNT I

### Violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA)

34. Plaintiff hereby incorporates and realleges paragraphs 1-33, as if fully set forth herein.

35. The TCCWNA states "No seller … shall in the course of his business offer … or enter into any written consumer contract … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by [New Jersey] or Federal law …." *N.J.S.A.* 56:12-15.

36. Defendant is a "seller" within the meaning of *N.J.S.A.* 56:12-15.

37. Plaintiff is a "consumer" within the meaning of *N.J.S.A.* 56:12-15.

38. Defendant's Terms & Conditions constitute a consumer contract displayed and/or offered to consumers.

39. The Terms & Conditions, as detailed above, include provisions that purport to violate the legal rights of New Jersey consumers and/or limit Defendant's responsibility including specifically pursuant to the Exclusion of Liability Associated with Use of the Sites provision, the Indemnification clause and the general provisions pertaining to choice of law.

40. Pursuant to *N.J.S.A.* 56:12-17, Plaintiff and the Class are entitled to (a) civil penalty of not less than $100, payable to Plaintiff and each Class Member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees and court costs.

41. Plaintiff reserves the right to identify additional provisions of the law violated Defendant as further investigation and discovery warrant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and members of the Class defined herein, prays for judgment and relief as follows:

A. Certifying the proposed Class, designating Plaintiff as a Class Representative, appointing Plaintiffs' counsel as Class Counsel and providing such other relief as required or permitted;

B. Temporarily and permanently enjoining defendant from continuing the unlawful business practices alleged in the Complaint;

C. Awarding to Plaintiff and the Class members compensatory, statutory, and/or punitive damages, including, but not limited to, a judgment awarding to Plaintiff and Class members not less than $100 for each violation of the TCCWNA;

D. Awarding costs and attorneys' fees, as allowed by law;

E. Awarding pre- and post-judgment interest, as allowed by law; and

F. Such other or further relief as may be appropriate.

## JURY DEMAND

Plaintiff and Class Members, pursuant to Fed. R. Civ. P. 38(b), hereby demand trial by jury.

## TRIAL COUNSEL DESIGNATION

Plaintiff and Class Members designate John E. Keefe, Jr. of Keefe Bartels LLC as trial counsel.

                Respectfully submitted,

                */s/ Stephen T. Sullivan, Jr.*

Stephen T. Sullivan, Jr. (N.J. Bar No. 023411997)
John E. Keefe, Jr. (N.J. Bar No. 034081990)
KEEFE BARTELS, LLC
170 MONMOUTH STREET
RED BANK, NEW JERSEY 07701
Telephone: 732-224-9400
jkeefe@keefebartels.com
ssullivan@keefebartels.com

Jeffrey M. Ostrow (Florida Bar No. 121452)
Avi R. Kaufman (Florida Bar No. 84382)
Scott A. Edelsberg (Florida Bar No. 100537)
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
kaufman@kolawyers.com
edelsberg@kolawyers.com

*Attorneys for Plaintiff Bronwyn Nahas
and all others similarly situated*

Dated: April 22, 2016